**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROUMEN ROUSSEV, et al., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | 07 C 2330 |
| | ) | |
| SCHOLZEN PRODUCTS COMPANY, | ) | |
| et al., | ) | |
|     Defendants, | ) | |

## MEMORANDUM AND ORDER

Plaintiff Roumen Roussev was injured while a shipment of pipe originating from Hancor's Indiana facility was being unloaded at Scholzen Products' Utah facility. Mr. Roussev and his employer, Dimetre Katchoulev, filed this diversity action and contend that they properly sued Scholzen Products Company, Advanced Drainage (who has been dismissed from this action), and Hancor. Hancor seeks to dismiss the claims against it, arguing that this court cannot exercise personal jurisdiction over it and venue is improper. Alternatively, Hancor asserts that Mr. Roussev's claims against it are time-barred because he failed to properly name it as a defendant before the statute of limitations expired. The court previously agreed, at the parties' request, to consider the statute of limitations issue first. For the reasons set forth below, the motion to dismiss based on the statute of limitations is denied.

## Standard for a Rule 12(b)(6) Motion to Dismiss

In ruling on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). To state a claim, the complaint

need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). According to the Seventh Circuit, this language imposes two hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964 (2007). Second, the factual allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id.* Meanwhile, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *See Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

## Background

The following facts are drawn from the complaint and are accepted as true for the purposes of Hancor's motion to dismiss. On April 27, 2005, Mr. Roussev picked up a load of pipe from Hancor's facility in Indiana for delivery to defendant Scholzen's facility in Utah. On April 29, 2005, Mr. Roussev delivered the pipes. While the pipes were being unloaded, Mr. Roussev was injured and his truck and trailer were damaged.

In 2005, the plaintiffs filed a lawsuit in the Fifth Judicial District Court of Utah against Scholzen. They dismissed this action without prejudice in February of 2007. Then, on April 26, 2007, Mr. Roussev and Katchoulev filed the instant complaint based on diversity jurisdiction in the Northern District of Illinois asserting negligence and damage of property claims. On June 26,

2007, the plaintiffs voluntarily dismissed their claims against Advanced Drainage, leaving Sholzen and Hancor as defendants.

Both Mr. Roussev and Katchoulev are Illinois citizens. The caption of the original complaint named "SCHOLZEN PRODUCTION COMPANY, A [sic] Utah Corporation, ADVANCED DRAINAGE SYSTEMS, INC., a Delaware Corporation d/b/a/ HANCOR, INC., an Ohio Corporation" as defendants. It also alleged that Scholzen Products Company is a Utah corporation and Hancor is an Ohio corporation doing business in Ohio and Delaware. It did not provide any separate citizenship allegations for Advanced Drainage Systems. After the court dismissed the complaint without prejudice due to the lack of complete jurisdictional allegations, the plaintiffs amended their complaint and specified that Hancor is an Ohio corporation with its principal place of business in Ohio, Advanced Drainage Systems is a Delaware corporation with its principal place of business in Ohio, and Scholzen Products Company is a Utah corporation with its principal place of business in Utah.

It is undisputed that the statute of limitations expired on April 29, 2007, three days after the filing of the original complaint. Hancor presently seeks to dismiss the claims against it, arguing that it was not properly listed as a defendant in the original complaint so Mr. Roussev's personal injury claim against it is time-barred. Alternatively, Hancor argues that the plaintiffs' claims against it are barred because they have twice re-filed a previously dismissed complaint arising out of Mr. Roussev's April 29, 2005, injury.

## Statute of Limitations

Hancor argues that the plaintiff had failed to properly name it as a party because the caption of the complaint listed it as "Advanced Drainage Systems, Inc., d/b/a/ Hancor, Inc.,"

rather than Hancor, Inc. According to Hancor, the caption of the complaint shows that the plaintiffs intended to sue Advanced Drainage because they listed "Advanced Drainage, an entity doing business as Hancor, Inc." in the caption. The plaintiffs disagree, pointing to the body of the complaint and, in particular, Count I, which contains jurisdictional allegations for the plaintiffs, Scholzen, and Hancor, but none for Advanced Drainage.

Generally, the Federal Rules of Civil Procedure govern procedural issues in cases filed in federal court. *See, e.g., Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007). However, when considering whether an amended complaint filed after the expiration of the limitations period relates back to a timely filed complaint with a misnomer, state law governs. *See Athmer v. C.E.I. Equip. Co. Inc.*, 121 F.3d 294, 296 (7th Cir. 1997) (applying Illinois law); *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 234 (7th Cir. 1996) (same).

Under Illinois law, the "[m]isnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 ILCS § 5/2-401(b). A plaintiff may correct a misnomer after the statute of limitations expires if he serves the defendant with reasonable promptness because a misnomer is "nothing more than an error in the drafting of the complaint, and it ought to be corrigible by amendment." *See Athmer v. C.E.I. Equip. Co. Inc.*, 121 F.3d at 296. In contrast, if the plaintiff sues the wrong party, he may only proceed against that defendant if he amends his complaint to correct the error and effects service before the statute of limitations expires. *Id*.

Therefore, the key question here is whether this case involves misnomer (*i.e.*, the plaintiffs named the wrong party but served the right party within the limitations period) or

mistaken identity (*i.e.*, the plaintiffs named and served the wrong party within the limitations period). *See id.* ("A misnomer occurs where the plaintiff brings an action and serves summons upon the party intended to be made the defendant, thus giving actual notice of the lawsuit to the real party in interest, but the process and complaint do not refer to the person by his correct name. Mistaken identity, on the other hand, occurs when the wrong person is named and served").

To distinguish between misnomer and mistaken identity, the court must determine whom the plaintiff intended to sue based on objective manifestations in the record. *Arendt v. Vetta Sports, Inc.*, 99 F.3d at 234; *Zito v. Gonzalez*, 683 N.E.2d 1280, 1283 (Ill. App. Ct. 1997). The most probative evidence of the plaintiff's intent is whether the plaintiff sued and served the real party in interest using the wrong name. *Greil v. Travelodge Int'l, Inc.*, 186 Ill. App. 3d 1061, 1064 (1st Dist. 1989).

Here, the caption of the complaint stated that Hancor was the fictitious name of Advanced Drainage. However, in the body of the complaint, the plaintiffs identified Hancor as an Ohio corporation with its principal place of business in Ohio without referring to Advanced Drainage. Indeed, the original complaint contained jurisdictional allegations for the plaintiffs, Scholzen, and Hancor, and the plaintiffs added jurisdictional allegations about Advanced Drainage Systems only when ordered to do so by the court. Similarly, Count III is styled "Roumen Roussev v. "Advanced Drainage Systems, Inc. d/b/a Hancor, Inc." but the body of the count, which is the only count requesting relief against Hancor, contains multiple allegations about actions allegedly taken by Hancor's employees. It is also important to note that Hancor's

brief does not assert that Hancor first became aware of this action after the statute of limitations expired.

The court thus finds that this case involves misnomer rather than mistake. The plaintiffs may correct this error via an amendment that will relate back to the timely filed complaint despite the expiration of the statute of limitations. Hancor's motion to dismiss the plaintiffs' negligence claim against Hancor is not time-barred.

## The Twice-Filed Rule

Hancor directs the court's attention to Illinois law providing that a plaintiff may only refile a dismissed claim once. *See Flesner v. Youngs Development Co.*, 145 Ill.2d 252, 254 (Ill. 1991) ("section 13-217 expressly permits one, and only one, refiling of a claim even if the statute of limitations has not expired"). This principle is in accord with federal procedural law, which applies here. *See. e.g, Sutton Place Development Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 638 (7th Cir. 1987) (discussing Rule 41's prohibition against refiling claims that have already been voluntarily dismissed twice).

Hancor claims that the twice-filed rule bars the plaintiffs' claims against it. In support, they point to the plaintiffs' 2005 dismissal of the Utah state court action against Scholzen and their 2007 dismissal in this case of their claims against Advanced Drainage. This argument fails because the 2005 Utah case only named Scholzen. Thus, the 2007 Northern District of Illinois case, which named Hancor as a defendant for the first time, is not a refiling of a previously dismissed claim against Hancor, let alone a claim against Hancor that had already been voluntarily dismissed twice.

## **Conclusion**

For the above reasons, Hancor's motion to dismiss based on the statute of limitation and the twice-filed rule [#19] is denied. The parties shall brief Hancor's remaining claims. Hancor's motion and memorandum must be filed by January 3, 2008, the plaintiffs' response must be filed by January 24, 2008, and Hancor's reply must be filed by February 7, 2007.

DATE: December 6, 2007

_____
Blanche M. Manning
United States District Judge